■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH NICHOLS, Appellant.— In a *coram nobis* proceeding to vacate a judgment of conviction rendered January 4, 1964, defendant appeals from an order of the County Court, Rockland County, dated November 22, 1967, which denied the application. Order reversed, on the law, and proceeding remitted to the County Court for a hearing on the allegations of the petition and for a new determination. No questions of fact were considered on this appeal. Defendant's notice of appeal is herewith amended to state that the appeal is from said order instead of the judgment. The record shows that the judgment was rendered on defendant's plea of guilty on December 4, 1963 to the felony of grand larceny in the second degree. He was committed to the Reception Center at Elmira, New York, for a period not to exceed five years. At the time of sentencing the court had before it the hospital records of defendant. These records show that defendant was admitted to Rockland State Hospital in 1953 at the age of nine and, after several convalescent releases and returns, was transferred to Creedmoor State Hospital on March 8, 1961, with the diagnosis of "Primary Behavior Disorder, Simple Adult Maladjustment". The Creedmoor record shows a similar diagnosis and states that defendant eloped therefrom on August 12, 1962. Subsequent to the sentence in question, defendant was arrested by the Haverstraw Police on a charge of second degree assault. On the basis of medical examination he was admitted to Rockland State Hospital on October 20, 1965. He was released therefrom to the custody of the Haverstraw Police on November 2, 1965 as "without mental disorder, psychopathic personality". However, by order of the Police Court of the Village of Haverstraw, dated January 14, 1966, defendant was found to be insane on the basis of a report signed by two examining psychiatrists and was committed to Rockland State Hospital. On the basis of defendant's long history of psychiatric involvement, both before and after the sentence in question, we find that there is some proof that defendant was insane at the time he pleaded guilty. Therefore, defendant's *coram nobis* application should not have been denied without a hearing (*People* v. *Bangert*, 22 N Y 2d 799; *People* v. *Boundy*, 10 N Y 2d 518, 521). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.